# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 07-CV-00197-EWN-CBS

SHIRE LLC,

    Plaintiff,

v.

SANDOZ, INC.,

    Defendant.

_____

## STIPULATED PROTECTIVE ORDER
_____

WHEREAS, the parties have stipulated that certain discovery material be treated as confidential;

WHEREAS discovery in this action may involve the disclosure of certain documents, things and information in the possession, custody or control of the plaintiff, Shire LLC ("Shire"), the defendant, Sandoz, Inc. ("Sandoz"), or non-parties, that constitute or contain trade secrets or other confidential research, development, or commercial information within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.");

WHEREAS such confidential information must be protected in order to preserve the legitimate business interests of the parties or non-parties; and

WHEREAS the parties, through counsel, stipulate that good cause exists for the entry of this Protective Order pursuant to Rule 26(c) for the purpose of advancing the progress of this case and to prevent unnecessary dissemination or disclosure of such confidential information.

Accordingly, it is this ____ day of May, 2007, by the United States District Court for the District of Colorado, ORDERED:

### Definitions

1. The term "Protected Information" shall mean any document or other tangible thing or any electronically stored information or oral testimony that contains or reveals what a party or non-party considers to be its trade secret, business, confidential, or proprietary information. In designating information as "Protected Information," a party or non-party shall designate only its trade secrets, information that it has maintained in confidence, or information in which it has a proprietary interest. Each party shall act in good faith in designating information as "Protected Information."

2. This Protective Order establishes two categories of Protected Information. Information in the higher category is referred to as "Highly Confidential Information - Attorneys' Eyes Only." Information in the lower category is referred to as "Confidential Information."

3. The "Highly Confidential Information - Attorneys' Eyes Only" designation may only be used by a producing party for commercially-sensitive information (e.g., about business plans and objectives, marketing, sales, revenues, profits, and forecasts), products in development, and future plans, strategies, and programs; and may not be used for technical information relating to, referring to, or concerning Sandoz's Abbreviated New Drug Application ("ANDA") 78-497 or the products that are the subject of such ANDA, or Shire's New Drug Application ("NDA") 21-303 or the products that are the subject of such NDA. This designation shall be made in good faith. Protected Information that is designated as "Highly Confidential-Attorneys' Eyes Only" may only be disclosed to any of the individuals identified in paragraphs 4(a)-4(e).

4. The term "Qualified Person" shall mean:

(a) the Court and its official personnel;

(b) Shire's outside counsel of record in Case No. 07-CV-00197-EWN-CBS and their law firms' active members, associate attorneys, paralegals, and office staff working on this case ("Shire's Outside Counsel");

(c) Sandoz's outside counsel of record in Case No. 07-CV-00197-EWN-CBS and their law firms' active members, associate attorneys, paralegals, and office staff working on this case ("Sandoz's Outside Counsel");

(d) court reporters, stenographers, videographers, translators, third-party photocopy or imaging services contractors, third-party contractors producing graphic or visual aids and their respective assistants involved solely in providing litigation support services to Outside Counsel;

(e) any independent expert or consultant who is retained by Shire's or Sandoz's Outside Counsel solely for the purpose of assisting in this action and who has signed the declaration and agreement to be bound that is attached as Exhibit A;

(f) jury consultants involved solely in providing litigation support services to Outside Counsel;

(g) two in-house attorneys for Shire, namely Tatjana May and James Harrington, who, after receipt of Sandoz Protected Information, and in addition to the other terms of this Protective Order, shall not: (1) be involved in the preparation or prosecution of any patent application that covers Adderall XR® described in NDA No. 21-303 or Sandoz's generic version of Adderall XR® described in ANDA 78-497 for the duration of the action including appeals; or (2) disclose to the United States Food and Drug Administration ("FDA") Sandoz's Protected Information;

(h) two in-house attorneys for Sandoz, namely Shashank Upadhye and John Thallemer, who, after receipt of Shire Protected Information, and in addition to the other terms of this Protective Order, shall not: (1) be involved in the preparation or prosecution of any patent application that covers Adderall XR® described in NDA No. 21-303 or Sandoz's generic version of Adderall XR® described in ANDA 78-497 for the duration of the action including appeals; or (2) disclose to the FDA Shire's Protected Information; and

(i) any other person who is designated as a "Qualified Person" by order of the Court or by written agreement of the parties.

## Use of Protected Information

5. Protected Information shall be used solely for the purpose of this action.

6. Nothing in this Protective Order shall prevent any person, including a Qualified Person, from making use of any information that is designated as Protected Information if such information:

(a) was lawfully in his or her possession prior to receipt under the provisions of this Protective Order;

(b) was or becomes available to the public through no fault of a receiving party;

(c) was or is obtained from a source not under an obligation of secrecy to the designating party; or

(d) is exempted from the operation of this Protective Order by written consent of the designating party.

## Disclosure of Protected Information

7. Protected Information shall not be made available to anyone other than a Qualified Person or the party who produced such Protected Information, except as otherwise provided in this Protective Order.

8. A document that contains or reveals Protected Information may be shown to any person indicated in such document to be its originator or author or the recipient of a copy.

9. Protected Information may be disclosed to a witness testifying under oath if the witness is an officer, director, or employee of the party who produced such Protected Information.

10. Protected Information may be disclosed to a witness testifying under oath if:

(a) the witness was formerly an officer, director, or employee of the party who produced such Protected Information; and

(b) the Protected Information was in existence during the period of his or her service or employment; and

(c) a foundation is established that the witness was involved in the project to which the Protected Information relates so that it is reasonable that the witness had access to the Protected Information during the course of his or her service or employment; and

(d) the witness signs the declaration in the form shown in attached Exhibit A which declaration shall be included as an exhibit to such deposition, or the witness shall agree on the record to be bound by the terms of this Order. If a witness refuses both options, the deposition may cease and the parties may seek any necessary relief from an appropriate Court, or the parties may agree to continue the deposition on terms agreeable to all parties.

11. Nothing in this Protective Order shall prevent disclosure of Protected Information if the designating party consents to such disclosure or if the Court, after notice to all parties, orders such disclosure.

12. Regarding disclosure of Protected Information to Qualified Persons: (a) Counsel desiring to disclose Protected Information to an independent expert or consultant according to subparagraph 4(e) and/or any other person identified under subparagraph 4(i) shall first obtain a signed declaration in the form shown in attached Exhibit A from that person.  At least ten (10) days in advance of the proposed disclosure of any Protected Information to that person, counsel shall serve that person's signed declaration and curriculum vitae or résumé by facsimile or electronic mail on each other party.  A party may object for cause to the proposed disclosure by serving a written objection upon each other party within ten (10) days after receiving the copy of the signed declaration by facsimile or electronic mail.  Failure to timely object shall operate as a waiver of the objection.  If a party objects to the proposed disclosure, the objecting party's Protected Information shall not be disclosed to such person except by order of the Court or by written consent of the objecting party.  The objecting party shall have the burden of proving that disclosure should not be made.  (b) Counsel desiring to disclose Protected Information to a person according to paragraphs 4(g) and/or 4(h) shall first obtain a signed declaration in the form shown in attached Exhibit A from that person.

### Identification and Marking of Protected Information

13. Any document or other tangible thing that contains or reveals Protected Information shall be labeled with the legend "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" or the legend "HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER". Such designations shall be made in good faith. For a document, such marking shall appear on each page of the document that contains Protected Information. Any Protected Information not reduced to documentary or physical form or which cannot be conveniently labeled shall be so designated by a party by serving a written notification on the receiving party. Any document or other tangible thing so labeled and the information it contains or reveals shall be treated in accordance with the provisions of this Protective Order.

14. When a party initially produces documents for inspection, no marking need be made by the producing party in advance of the inspection. There will be no waiver of confidentiality by the inspection of Protected Information before it is copied and marked confidential pursuant to the procedure of paragraph 13. For purposes of the inspection, all documents shall be treated as Highly Confidential Information - Attorneys' Eyes Only. After the receiving party selects specified documents for copying, the producing party shall appropriately mark the copies of the selected documents before they are provided to the receiving party.

15. Information disclosed at the deposition of a party or one of its present or former officers, directors, employees, or agents may be designated as Protected Information by that party either (a) on the record at the deposition or (b) by serving a written notification on each other party within thirty (30) days of receipt of the transcript by counsel for the designating party. Such written notification shall identify the specific pages and lines of the transcript that

contain Confidential Information or Highly Confidential Information - Attorneys' Eyes Only. A copy of such written notification shall be attached to the face of the transcript and each copy of the transcript in the possession, custody, or control of any Qualified Person. All information disclosed during a deposition shall be treated as Highly Confidential – Attorneys' Eyes Only until at least fifteen (15) days after a transcript of the deposition is received by counsel for each of the parties. A deponent may review the transcript of his or her deposition at any time.

16. Only Qualified Persons and the deponent shall be allowed to attend any portion of a deposition in which Protected Information is used or elicited from the deponent.

17. Deposition transcripts containing testimony with Protected Information shall be prominently marked on the front page with a statement that provides "THIS DEPOSITION TRANSCRIPT CONTAINS PROTECTED INFORMATION THAT IS SUBJECT TO PROTECTIVE ORDER."

### Inadvertent Failure to Designate

18. The inadvertent failure by a producing party to designate specific documents or materials as containing Protected Information shall not be deemed a waiver in whole or in part of a claim of confidentiality as to such documents or materials. Upon notice to the receiving party of such failure to designate, the receiving party shall cooperate to restore the confidentiality of the inadvertently disclosed information.

### Challenges to Protected Information Designation

19. If any person disputes or challenges the designation of any information as Protected Information, such information shall nevertheless be treated as Protected Information in accordance with the provisions of this Protective Order until such designation is removed by order of the Court or by written consent of the designating party.

20. A party shall not be obligated to challenge the propriety of a Protected Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that a party disagrees at any time with a Protected Information designation made by another party, a good faith attempt to resolve the dispute on an informal basis pursuant to Local Rule 7.1(A) shall be made by the parties. In the event the dispute cannot be resolved in this manner, the challenging party shall set up a conference call with the Court.

21. On any motions arising out of the designation of any material as Protected Information under this Protective Order, the burden of justifying the designation shall lie with the designating party or non-party.

<u>Inadvertent Production of Protected Documents</u>

22. Inadvertent production of documents or information subject to the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity shall not constitute a waiver of such privilege(s). Inadvertent production of documents or information shall be handled as follows, but is without prejudice to the right of any party to apply to the Court for further protection or disclosure relating to discovery:

(a) Immediately upon receiving notice from the producing party that documents or materials subject to the attorney-client privilege or work-product immunity have been inadvertently produced, the receiving party shall not review, copy, or otherwise disseminate the documents or materials, nor shall it disclose their substance. In addition, the receiving party shall return the documents or materials and all copies within seven (7) business days from receiving notice.

(b) If the receiving party believes it has a good-faith basis for challenging the privilege claim, Outside Counsel for the receiving party shall provide the

      Outside Counsel for the producing party with a written explanation of the good-faith basis for its belief that the inadvertently produced documents or information are not privileged within seven (7) days after receipt of the producing party's request for return.

(c) Outside Counsel for the producing party shall respond in writing to the receiving party's Outside Counsel's timely challenge to the privilege or immunity claim within seven (7) days from receipt of the challenge.

(d) In the event the parties cannot agree as to the privilege or immunity status of the inadvertently produced documents or materials, the receiving party has seven (7) days from receipt of the producing party's written response to the privilege challenge to set up a conference call with the Court to discuss production of the inadvertently produced documents or information. The receiving party shall not use the substantive content of the inadvertently produced documents or information to challenge the privilege or immunity status of such material. In the event that the challenge to a claim of privilege comes before the Court, the producing party shall have the burden of proving that the produced documents or information are privileged.

  1. Once a document or information has been used during a deposition, used as an exhibit to a pleading filed with the Court, identified for use at trial or otherwise disclosed to the Court, the producing party has twenty-one (21) days from the date of disclosure to provide notice of the inadvertent production. Notwithstanding any other provision of this Protective Order, failure to provide notice within this 21-day period shall constitute a waiver of any and all applicable privileges with respect to the inadvertently produced documents or information only.

### Filing of Protected Information

2. Protected Information that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing Protected Information shall be filed with a Motion to Seal in accordance with Local Rule 7.2. The parties agree that they will use their best efforts to disclose or include Protected Information in documents submitted to the Court only when absolutely necessary, and agree, where possible, to redact Protected Information, or to designate only the confidential portions of filings with the Court to be filed under seal. To facilitate compliance with this Protective Order by the Clerk's Office, material filed under the designation "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" shall be filed in the manner set forth in Local Rule 7.3, including filed in a sealed envelope the front of which shall bear the caption of the case, the title of the paper or document, and a notation that it is filed under seal. The Clerk of the Court is directed to maintain under seal any pleading, motion, brief, memorandum, exhibit, affidavit, declaration, transcript, response to a discovery request, or other paper filed with the Court that has been designated, in whole or in part, as containing or revealing Protected Information.

3. In the event that a party wishes to use any Protected Information in any pleading, motion, brief, memorandum, exhibit, affidavit, declaration, transcript, response to a discovery request, or other paper filed with the Court, such paper shall be filed with the Court in a manner consistent with Local Rule 7.3.

### Advice to Clients

4. Nothing in this Protective Order shall bar or otherwise restrict an attorney herein from rendering advice to his or her client with respect to this action and, in the course thereof, referring to or relying upon his or her examination of Protected Information. In rendering such

advice and in otherwise communicating with his or her client, the attorney shall not disclose any Protected Information if such disclosure would be contrary to the provisions of this Protective Order.

## Miscellaneous

5. No party shall be responsible to another party for any use made of information that was produced and not designated as Protected Information.

6. Nothing in this Protective Order shall prejudice the right of any party to oppose production of any information for lack of relevance, privilege, or any ground other than confidentiality.

7. Nothing in this Protective Order shall prejudice the right of any party to seek at any time a further order modifying this Protective Order.

8. In the event that a new party is added, substituted, or brought in, this Protective Order will be binding on and inure to the benefit of the new party, subject to the right of the new party to seek relief from or modification of this Protective Order.

9. Nothing in this Protective Order shall prejudice the right of any party to bring before the Court at any time the question of whether any greater or lesser restrictions should be placed upon the disclosure of any Protected Information.

10. The terms of this Protective Order shall be applicable to any third party who produces information which is designated by such third party as Protected Information. Nothing in this paragraph permits a party to designate as Protected Information any information produced by a third party which that third party did not itself designate as Protected Information.

11. Nothing in this Protective Order shall prejudice the right of any party, or any third party, to seek relief from the Court, upon good cause shown, from any of the restrictions

provided above or to impose additional restrictions on the disclosure of any information or material.

12. Within ninety (90) days after the termination of this litigation (including any appeals), each document and each other tangible thing that contains or reveals Protected Information and any copies, abstracts, summaries, notes, or other records regarding the contents of any Protected Information shall be either (a) returned to the attorney of record for the producing party or (b) destroyed with a written representation of such destruction being made to the attorney of record for the producing party. Notwithstanding the foregoing, Outside Counsel for a receiving party may retain Protected Information to the extent such Protected Information is contained in counsel's work product, correspondence between Outside Counsel, or in copies of pleadings and materials that are of record in the litigation, subject to the confidentiality provisions of this Protective Order.

13. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

14. The provisions of this Protective Order shall survive and remain in full force and effect after the termination of this litigation (including any appeals).

15. Notice under this Protective Order shall be to the parties as follows, unless this provision is modified by the parties in writing and filed with this Court: notice to Shire shall be made to Edgar H. Haug, Sandra Kuzmich, and Thomas C. Bell; notice to Sandoz shall be made to Leslie A. Eaton, Keith D. Parr, Kevin M. Nelson, and James T. Peterka, all at their respective addresses of record filed with this Court for this civil action.

DATED at Denver, Colorado, this 14th day of May, 2007.

                BY THE COURT:


                *s/Craig B. Shaffer*
                Craig B. Shaffer
                United States Magistrate Judge

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 07-CV-00197-EWN-CBS

SHIRE LLC,

    Plaintiff,

v.

SANDOZ, INC.,

    Defendant.

_____

**DECLARATION AND AGREEMENT TO BE BOUND**
_____

    I, _____, declare and state under penalty of perjury that:

    1.    My address is _____.

    2.    My present employer is _____ and the address of my present employer is _____.

    3.    My present occupation or job description is _____ _____.

    4.    I have received and carefully read the Stipulated Protective Order in the above-captioned case, which is dated _____, 2007. I certify that I understand the terms of that Protective Order, recognize that I am bound by the terms of that Order, and agree to comply

2

with those terms. Further, I understand that unauthorized disclosure of any Protected Information, or its substance, may constitute contempt of this Court and may subject me to sanctions or other remedies that may be imposed by the Court and to potential liability in a civil action for damages by the disclosing party.

Pursuant to 21 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed On: _____          _____