

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/091,011 | 03/24/2005 | Beth A. Burnside | 20342/1202663-US1 | 6170 |

7278    7590    06/22/2007
DARBY & DARBY P.C.
P.O. BOX 770
Church Street Station
New York, NY 10008-0770

| EXAMINER |
|---|
| TRAN, SUSAN T |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1615 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 06/22/2007 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

SLS 113775

| Office Action Summary | Application No. 11/091,011 | Applicant(s) BURNSIDE ET AL. |
|---|---|---|
| | Examiner Susan T. Tran | Art Unit 1615 |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1) ☒ Responsive to communication(s) filed on <u>18 May 2007</u>.
2a) ☐ This action is **FINAL**.   2b) ☒ This action is non-final.
3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims

4) ☒ Claim(s) <u>1-24 and 26</u> is/are pending in the application.
   4a) Of the above claim(s) _____ is/are withdrawn from consideration.
5) ☐ Claim(s) _____ is/are allowed.
6) ☒ Claim(s) <u>1-24 and 26</u> is/are rejected.
7) ☐ Claim(s) _____ is/are objected to.
8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

## Application Papers

9) ☐ The specification is objected to by the Examiner.
10) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).
11) ☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

## Priority under 35 U.S.C. § 119

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a) ☐ All   b) ☐ Some * c) ☐ None of:
    1. ☐ Certified copies of the priority documents have been received.
    2. ☐ Certified copies of the priority documents have been received in Application No. _____.
    3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**
1) ☐ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☐ Information Disclosure Statement(s) (PTO/SB/08)
   Paper No(s)/Mail Date _____.
4) ☒ Interview Summary (PTO-413)
   Paper No(s)/Mail Date 6/13/07
5) ☐ Notice of Informal Patent Application
6) ☐ Other: _____.

## DETAILED ACTION

The finality office action dated 04/18/07 has been withdrawn, and the indicated allowability of claims 1-24 and 26 are withdrawn in view of the following rejections:

### Claim Rejections - 35 USC § 112

The following is a quotation of the first paragraph of 35 U.S.C. 112:

> The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same and shall set forth the best mode contemplated by the inventor of carrying out his invention.

Claims 1-24 and 26 are rejected under 35 U.S.C. 112, first paragraph, because the specification, while being enabling for the claimed release profiles for amphetamine salts with a specific polymer, Eudragit L 30D-55, does not reasonably provide enablement for any enteric release coating as recited in the claims. The specification does not enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the invention commensurate in scope with these claims. Although the claims are interpreted in light of the specification, limitations from the specification are not read into the claims. See *In re Van Geuns*, 988 F.2d 1181, 26 USPQ2d 1057 (Fed. Cir. 1993).

Enablement is considered in view of the Wands factors (MPEP § 2164.01 (a)). These include: breadth of the claims; nature of the invention; state of the prior art; amount of direction provided by the inventor; the level of predictability in the art; the existence of working examples; quantity of experimentation needed to make or use the invention based on the content of the disclosure; and relative skill in the art. All of the

SLS 113777

Application/Control Number: 11/091,011 Page 3
Art Unit: 1615

factors have been considered with regard to the claim, with the most relevant factors discussed below:

The present claims are directed to an amphetamine salts containing pulse composition, in which the drug-containing core is covered with an enteric releases coating. The claims also recite a release rate within about 60 minutes after initiation of said delayed pulsed enteric release.

With respect to the guidance, the present specification does not teach how to precisely achieve the claimed release profiles given the multitudes of types of suitable enteric coating polymers such as soluble, insoluble, pH dependent, pH independent, and etc. The specification also fails to teach if the same release profile can be achieved with all enteric coating polymers in any amount and thickness. Examiner notes that instant release profile being claimed is disclosed in the example 2. The example is specific to Eudragit L 30D-55, not all enteric coating polymers. Further, the example requires the enteric coating to a certain specific thickness. Thus, guidance for preparing and using a composition comprising all the possible enteric coating polymers with amphetamine salts is not provided in the instant specification. Consequently, a burdensome amount of research would be required by one of ordinary skill in the art to bridge this gap.

As such, the practitioner would turn to trial and error experimentation in order to compose a composition comprising an amphetamine salt with any type of enteric coating polymers to result in the claimed release profile, without guidance from the specification or the prior art.

SLS 113778

Application/Control Number: 11/091,011       Page 4
Art Unit: 1615

*The quantity of experimentation*: in the present case, there is a substantial gap between a composition comprising the claimed drug and a specific enteric coating polymer that renders the claimed release profile, and one comprising any and all "enteric coating polymers". As stated above, "enteric coating polymers" comprise a huge class of compounds and not all of them yield the same type of release profile with a given drug. Consequently, a burdensome amount of research would be required by one of ordinary skill in the art to bridge this gap.

*The relative skill of those in the art*: the skill of one of ordinary skill in the art is very high, e.g., Ph.D. and M.D. level technology.

The following is a quotation of the second paragraph of 35 U.S.C. 112:

> The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

Claims 1-24 and 26 are rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

The claims are rejected in the use of the phrase "releases essentially all of said one or more pharmaceutically active amphetamine salts coated with said enteric coating within about 60 minutes after initiation of said delayed pulse enteric release". What is the "initiation of said delayed pulse enteric release"? How can it be determined? While figure 4 indicates the release within about 60 minutes happened after 2 hours of administration of the dosage form, the specification discloses the enteric release coating layer retards or delays the release of the active drug for a specified time period ("lag

SLS 113779

Application/Control Number: 11/091,011   Page 5
Art Unit: 1615

time"). The lag time is within 4 to 6 hours after oral administration (column 3, lines 57-59; and column 4, lines 1-4). It cannot be determined whether the "initiation of said delayed pulse enteric release" is after 2 hours, 4-6 hours, or upon certain pH values.

### Correspondence

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Susan T. Tran whose telephone number is (571) 272-0606. The examiner can normally be reached on M-F 6:00 am to 4:30 pm.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Michael Woodward can be reached on (571) 272-8373. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

Art Unit 1615

SUSAN TRAN
PRIMARY EXAMINER

SLS 113780