IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 07-CV-00197-PAB-CBS

SHIRE LLC,

    Plaintiff,

v.

SANDOZ INC.,

    Defendant.
_____

ORDER CERTIFYING CONTROLLING QUESTION OF LAW FOR
IMMEDIATE APPEAL UNDER 28 U.S.C. § 1292(b)
_____

**Brimmer, J.**

This matter comes before the Court on defendant Sandoz, Inc's Motion for Entry of Proposed Order to Certify Court Order Dated September 24, 2008 for Immediate Interlocutory Appeal Under 28 U.S.C. § 1292(b) (the "Motion to Certify") [Docket No. 178].

**I. Factual Background**

On September 24, 2008, the Court issued its Order and Memorandum of Decision ("September 24, 2008 Order") [Docket No. 169] that, among other things, construed the claims in the patents at issue in this matter. In the September 24, 2008 Order, the Court declined to apply the doctrine of issue preclusion to another district court's claim construction, see *Shire Labs. Inc. v. Impax Labs., Inc.*, No. 03-01164, 2005 WL 319983 (D. Del. Feb. 9, 2005), with respect to the same patents at issue here. September 24, 2008 Order [Docket No. 169] at 11-13.

Defendant moved the Court to certify its September 24, 2008 Order for immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  *See* Sandoz Inc.'s Motion to Certify Order for Immediate Appeal Under 28 U.S.C. § 1292(b) [Docket No. 174].  Specifically, defendant requested that the Court certify two issues addressed in the September 24, 2008 Order: (1) "whether collateral estoppel and/or *stare decisis* applies to a previous court's unappealed claim construction," and (2) "whether a patentee's retraction of a disclaimer made during prosecution of a patent must be express to be effective, or whether it may be implied."  *Id.* at 1-2.

The Court held a Final Pretrial Conference on October 8, 2008 during which it heard plaintiff Shire LLC's opposition to defendant's motion to certify.  The Court ruled that it would certify the first issue concerning the application of issue preclusion.  The Court declined to certify the second issue – whether a patentee's retraction of a disclaimer made during patent prosecution must be express or may be implied – finding the requirements of 28 U.S.C. § 1292(b) to be lacking.  Thus, by its October 8, 2008 rulings, the Court effectively granted in part and denied in part defendant's motion to certify [Docket No. 174].  *See* Reporter's Transcript, Final Pretrial Conference [Docket No. 176] at 8-12.

The Court ordered that the parties submit a proposed order of certification allowing for immediate interlocutory appeal, consistent with the Court's findings during the October 8, 2008 Final Pretrial Conference.  *See id.* at 12.  Both parties submitted proposed orders and defendant moved for entry of its proposed order [Docket No. 179] on October 23, 2008.

**II. Analysis**

Now pending before the Court is defendant's Motion to Certify [Docket No. 179]. Plaintiff submitted its response in opposition on November 12, 2008 [Docket No. 181]. Defendant replied on November 26, 2008 [Docket No. 183]. This matter is fully briefed and ripe for review.

Section 1292(b) of Title 28 of the United States Code provides that, "[w]hen a district judge . . . shall be of the opinion that [an] order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," the judge may so state in the order. 28 U.S.C. § 1292(b) (2006). Where no Section 1292(b) certification is included in the original order, the district court may supplement that order to include an appropriate certification. *Houston Fearless Corp. v. Teter*, 313 F.2d 91, 92 (10th Cir. 1962). Upon the district court's Section 1292(b) certification, the party aggrieved by the district court's order may apply to the appropriate Court of Appeals, in its discretion, to permit an appeal to be taken from such order. 28 U.S.C. § 1292(b).

All of the statutory requirements of Section 1292(b) must be satisfied to warrant certification for immediate interlocutory appeal by a district court. *Ahrenholz v. Board of Trustees of Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000). Here, the Court finds that all requirements are met.

The September 24, 2008 Order involves a controlling question of law, which the parties have framed as whether issue preclusion and/or *stare decisis* applies to another

district court's unappealed claim construction.[1] Issue preclusion is a pure question of law. Here, it is a controlling question of law because applying issue preclusion to the court's claim construction in *Shire Labs. Inc. v. Impax Labs., Inc.*, *supra*, may be dispositive as to infringement of at least one of the underlying patents. *See In re Grand Jury Proceedings June 1991*, 767 F. Supp. 222, 225 (D. Colo. 1991) (a question is controlling if it has "the potential for substantially accelerating disposition of the litigation" or "will end the matter pending").

The Court further finds that there is substantial ground for difference of opinion as to the application of issue preclusion to another district court's unappealed claim construction. There is no definitive guidance from the Supreme Court, the Tenth Circuit, or the Federal Circuit on this question. District courts have reached conflicting positions. *Compare*, *e.g.*, *TM Patents, L.P. v. Int'l Bus. Mach. Corp.*, 72 F. Supp. 2d 370, 377 (S.D.N.Y. 1999) (holding that claim construction in a *Markman* hearing is a final judgment for purposes of issue preclusion), *with Kollmorgen Corp. v. Yaskawa Elec. Corp.*, 147 F. Supp. 2d 464, 469 (W.D. Va. 2001) (holding that issue preclusion applies only if the earlier claim construction "was essential to a final judgment on the question of the patents' infringement"), *and Graco Children's Prods., Inc. v. Regalo Int'l, LLC*, 77 F. Supp. 2d 660, 663 (E.D. Pa. 1999) (holding that, "despite a previous court

---

[1] The Court finds that the question of "whether a patentee's retraction of a disclaimer made during prosecution of a patent must be express to be effective, or whether it may be implied" is not appropriate for certification under 28 U.S.C. § 1292(b). The Court declined to certify this issue at the Final Pretrial Conference on October 8, 2008 because it identified no controlling question of law as to which there is substantial ground for difference of opinion on the matter. Defendant has not cited any authority that warrants reversing the Court's previous findings on the issue.

having held a hearing on the claim construction of a patent pursuant to *Markman*," issue preclusion would not apply under the facts of the case). Thus, the question presents a novel legal issue whose correct resolution is not substantially guided by prior precedent, as required by 28 U.S.C. § 1292(b). *In re Grand Jury Proceedings*, 767 F. Supp. at 226.

Additionally, the Court finds that an immediate appeal from the September 24, 2008 Order will materially advance the ultimate termination of this litigation. Resolution of this issue by the Federal Circuit will provide certainty to this Court and other district courts regarding application of the doctrine of issue preclusion to another district court's unappealed claim construction that interprets the same patent. It may also be dispositive of claims asserted in this lawsuit.

Wherefore, it is

**ORDERED** that defendant's Motion to Certify [Docket No. 178] is GRANTED IN PART. It is further

**ORDERED** that the Court's September 24, 2008 Order [Docket No. 169] is AMENDED to include certification pursuant to 28 U.S.C. § 1292(b) permitting defendant Sandoz, Inc. to seek an interlocutory appeal as to the legal issue of whether issue preclusion and/or *stare decisis* applies to another district court's unappealed claim construction. Defendant is directed to proceed with filing its intended interlocutory appeal with the Federal Circuit on or before **December 15, 2008**, pursuant to Fed. R. App. P. 5. It is further

**ORDERED** that this case shall is STAYED and shall remain administratively

closed until either the time for the defendant to file an interlocutory appeal under 28 U.S.C. § 1292(b) expires or until the Federal Circuit finally disposes of any such appeal, whichever is later.  The parties shall submit status reports pending appeal according to the Court's Minute Entry dated October 8, 2008 [Docket No. 175].

    DATED this 5th day of December, 2008.

                                                  BY THE COURT:

                                                  s/Philip A. Brimmer
                                                  PHILIP A. BRIMMER
                                                  United States District Judge